LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

RICARDO ISIDRO,
*on behalf of himself and*
*FLSA Collective Plaintiffs*,

        Plaintiff,

     v.

ALA TURK INC d/b/a A LA TURKA
and HUSEYIN SECER,

        Defendants.
_____

Case No.:

**COLLECTIVE ACTION**
**COMPLAINT**

**Jury Trial Demanded**

        Plaintiff, RICARDO ISIDRO, (hereinafter, "Plaintiff"), on behalf of himself and FLSA Collective Plaintiffs, by and through his undersigned attorney, hereby files this Collective Action Complaint against Defendants, ALA TURK INC d/b/a A LA TURKA ("Corporate Defendant"), and HUSEYIN SECER ("Individual Defendant", and collectively with Corporate Defendant, the "Defendants"), and states as follows:

## INTRODUCTION

1.  Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime compensation, (2) unpaid minimum wages due to an invalid tip credit, (3) unpaid wages due to time-shaving, (4) liquidated damages and (5) attorneys' fees and costs.

2.  Plaintiff further alleges that, pursuant to the New York Labor Law, he and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime compensation, (2) unpaid minimum wages due to an invalid tip credit, (3) unpaid wages due to time-shaving, (4) unpaid "spread of hours" premium, (5) liquidated damages and statutory penalties and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over state law claims of Plaintiff and FLSA Collective Plaintiffs pursuant to 28 U.S.C. §1367.

4.  Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5.  Plaintiff, RICARDO ISIDRO, is a resident of Bronx County, New York.

6.  Upon information and belief, the Corporate Defendant, ALA TURK INC d/b/a A LA TURKA, is a domestic business corporation organized under the laws of New York, with a principal place of business located at 1417 2nd Avenue, New York, NY 10021 and an address for service of process located at 29-39 Shore Parkway, Brooklyn, NY 11235.

7.   Upon information and belief, the Individual Defendant, HUSEYIN SECER, is the principal of the Corporate Defendant. Individual Defendant, HUSEYIN SECER exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs. With respect to Plaintiff and other FLSA Collective Plaintiffs, Individual Defendant, HUSEYIN SECER had the power and authority to: (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. Plaintiff was hired, and his employment was terminated, directly by Individual Defendant, HUSEYIN SECER.

8.   At all relevant times, the Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

9.   At all relevant times, the work performed by Plaintiff and FLSA Collective Plaintiffs was directly essential to the business operated by Defendants.

10. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

11. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

12. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper wages due to time shaving and overtime compensation at the rate of one and

one-half times the regular rate for work in excess of forty (40) hours per workweek. With respect to tipped employees, Defendants were not entitled to any tip credits because they failed to meet statutory requirements under the FLSA. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

13. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## STATEMENT OF FACTS

14. On or about October 2016, Plaintiff, RICARDO ISIDRO, was hired by Defendants and/or their predecessors, as applicable, to work as a delivery person for Defendants' restaurant located at 1417 2nd Avenue, New York, NY 10021.

15. Plaintiff RICARDO ISIDRO worked for Defendants until in or about May 2017.

16. During the employment of Plaintiff, RICARDO ISIDRO, by Defendants, he worked over forty (40) hours per week.  During Plaintiff RICARDO ISIDRO's employment by Defendants, he worked over ten (10) hours per day.

17. Specifically, throughout his employment with Defendants, Plaintiff RICARDO ISIDRO had a working schedule as follows: from 10:00 a.m. to 9:00 p.m., without any lunch break, seven (7) days per week, for a total of seventy-seven (77) hours per week.

18. From the beginning of Plaintiff's employment in or about October 2016 until in or about March 2017, Plaintiff RICARDO ISIDRO received, in cash, his compensation on a fixed salary basis, at the rates of $25.00 per morning shift (10:00 a.m. – 5:00 p.m.) and $30.00 per evening shift (5:00 p.m. – 9:00 p.m.). There was never any agreement that Plaintiff's fixed salary was intended to cover his overtime compensation. Defendants willfully violated Plaintiff RICARDO ISIDRO's rights by paying him on a fixed salary basis, in violation of the New York Labor Law because Plaintiff RICARDO ISIDRO is a non-exempt employee who must be paid on an hourly basis.

19. From in or about March 2017 until the end of his employment, Plaintiff RICARDO ISIDRO received, by check, a base hourly rate of $7.50 per hour. During this period, he only received his compensation for thirty-five (35) hours worked each week, resulting in forty-two (42) hours per week of shaved time.

20. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and FLSA Collective Plaintiffs the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) and compensation for off-the-clock work.

21. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiff and tipped employees.

22. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and other non-exempt employees.

23. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

24. Defendants took an improper tip credit with respect to Plaintiff and all other tipped employees of the Defendants given Defendants' failure to: (i) provide proper notice to employees of their tipped credit minimum wage rate and the proper overtime rate thereon, (ii) maintain records of tips earned by employees, and (iii) provide proper wage statements to employees showing deductions for tip credit allowance, as required under New York State law. Defendants also caused Plaintiff and other tipped employees to spend more than 2 hours or 20% of their shift on non-tipped activities. For example, throughout Plaintiff's employment, he was required to clean the restaurant, clean the windows, cut the vegetables, do the repair work and do the owner's laundry.

25. Plaintiff retained Lee Litigation Group, PLLC to represent him and other employees similarly situated in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

26. Plaintiff realleges and reavers Paragraphs 1 through 25 of this Collective Action Complaint as if fully set forth herein.

27. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce

within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).  Further, Plaintiff is a covered

individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

28. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

29. Upon information and belief, at all relevant times, the Corporate Defendant had gross

revenues in excess of $500,000.

30. At all relevant times, the Defendants had a policy and practice of refusing to pay

overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective

Plaintiffs for their hours worked in excess of forty hours per workweek.

31. Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs overtime

compensation in the lawful amount for hours worked in excess of the maximum hours provided

for in the FLSA.

32. From approximately March 2017 until the end of Plaintiff's employment, the

Defendants had a policy and practice of time-shaving and refusing to pay Plaintiff and FLSA

Collective Plaintiffs for all their compensation earned due to off-the-clock work.

33. Plaintiff and tipped employees worked hours for which they were not paid by

Defendants the statutory minimum wage.

34. At all relevant times, the Defendants had a policy and practice of refusing to pay the

statutory minimum wage to Plaintiff and tipped employees for their hours worked.

35. Records, if any, concerning the number of hours worked by Plaintiff and FLSA

Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs

are in the possession and custody of the Defendants. Plaintiff and FLSA Collective Plaintiffs

intend to obtain these records by appropriate discovery proceedings to be taken promptly in this

case and, if necessary, will then seek leave of Court to amend this Collective Action Complaint to set forth the precise amount due.

36. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

37. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

38. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

39. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages, plus an equal amount as liquidated damages.

40. Plaintiff is entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## <u>VIOLATION OF THE NEW YORK LABOR LAW</u>

41. Plaintiff realleges and reavers Paragraphs 1 through 40 of this Collective Action Complaint as if fully set forth herein.

42. At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

43. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

44. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

45. Defendants willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiff for each workday that exceeded ten (10) or more hours.

46. Defendants willfully violated Plaintiff's rights by operating their business with a policy and practice of time-shaving.

47. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

48. Defendants willfully violated Plaintiff's rights by paying him on a fixed salary basis, in violation of the New York Labor Law because Plaintiff is non-exempt employees who must be paid on an hourly basis.

49. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants their unpaid overtime, unpaid minimum wages, unpaid wages due to time shaving, unpaid "spread of hours" premium, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and FLSA Collective Plaintiffs, respectfully requests that this Court grant the following relief:

a.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.    An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as

9

provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.      An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d.      An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

e.      An award of unpaid wages due to time-shaving under the FLSA and the New York Labor Law;

f.      An award of unpaid "spread of hours" premium due under the New York Labor Law;

g.      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wages and off-the-clock work pursuant to 29 U.S.C. § 216;

h.      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wages, off-the-clock work and "spread of hours" premium pursuant to the New York Labor Law;

i.      An award of statutory penalties, and prejudgment and postjudgment interest;

j.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

k.      Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: August 7, 2017

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and FLSA Collective Plaintiffs*

By: ___/s/ C.K. Lee_____
        C.K. Lee, Esq. (CL 4086)