

Douglas B. Lipsky - Partner

630 Third Avenue, Fifth Floor
New York, New York 10017
Main:  212.392.4772
Direct:  212.444.1024
Fax:  212.444.1030
doug@lipskylowe.com

www.lipskylowe.com

May 25, 2018

VIA ECF
The Honorable James L. Cott, U.S.M.J.
U.S. District Court for the Southern District of New York
500 Pearl Street, Courtroom 21D
New York, New York 10007

    Re:    Isidro v. Ala Turk Inc. and Huseyin Secer, 1:17-cv-5943 (VSB) (JLC)

Dear Magistrate Judge Cott:

    As stated in Plaintiff's letter (Dkt. No. 30), enclosed is the fully executed Settlement Agreement.

        Respectfully submitted,
        LIPSKY LOWE LLP


        s/ Douglas B. Lipsky
        Douglas B. Lipsky

Enclosure

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is made and entered into by and between Ricardo Isidro ("Claimant" or "Plaintiff") and Ala Turk Inc. and Huseyin Secer (collectively the "Company" or "Defendants"), (Claimant and the Company are jointly referred to in this Settlement Agreement as the "Settling Parties"), as of _May 15_, 20_18_.

## RECITALS

A.  WHEREAS, on or about August 7, 2017, Claimant filed an action (the "Action") against Company, alleging, *inter alia*, that Company failed to pay him certain wages due in connection with services he performed on its behalf. The aforementioned Action is currently pending in the United States District Court, Southern District of New York, Case No. 17-CV-5943;

B.  WHEREAS, no court has considered or determined the claims presented;

C.  WHEREAS, Company admits no wrongdoing, nor any liability with respect to Claimant's allegations, and explicitly denies any wrongdoing;

D.  NOW, THEREFORE, in consideration of the foregoing, and in consideration of the covenants, warranties and promises set forth below, receipt of which is hereby acknowledged, the Settling Parties agree as follows:

## AGREEMENT

1.  <u>Consideration</u>. The Settling Parties are entering into this Settlement Agreement in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged.

2.  <u>Settlement Compensation</u>

Company agrees to pay Claimant the settlement amount of $17,500 (the "Settlement Amount"), as follows:

(a) On or before June 15, 2018, Company shall deliver to Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor, New York, NY 10016, (i) a check in the amount of $1,666.66, without any deductions or withholdings, payable to "Lee Litigation Group, PLLC", and (ii) a check in the amount of $3,333.34, subject to tax withholdings, payable to "Ricardo Isidro".

(b) On or before July 15, 2018, Company shall deliver to Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor, New York, NY 10016, (i) a check in the amount of $295.55, without any deductions or withholdings, payable to "Lee

Litigation Group, PLLC"., and (ii) a check in the amount of $537.77, subject to tax withholdings, payable to "Ricardo Isidro".

(c) On or before August 15, 2018, Company shall deliver to Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor, New York, NY 10016, (i) a check in the amount of $295.55, without any deductions or withholdings, payable to "Lee Litigation Group, PLLC"., and (ii) a check in the amount of $537.77, subject to tax withholdings, payable to "Ricardo Isidro".

(d) On or before September 15, 2018, Company shall deliver to Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor, New York, NY 10016, (i) a check in the amount of $295.55, without any deductions or withholdings, payable to "Lee Litigation Group, PLLC"., and (ii) a check in the amount of $537.77, subject to tax withholdings, payable to "Ricardo Isidro".

(e) On or before October 15, 2018, Company shall deliver to Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor, New York, NY 10016, (i) a check in the amount of $295.55, without any deductions or withholdings, payable to "Lee Litigation Group, PLLC"., and (ii) a check in the amount of $537.77, subject to tax withholdings, payable to "Ricardo Isidro".

(f) On or before November 15, 2018, Company shall deliver to Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor, New York, NY 10016, (i) a check in the amount of $295.55, without any deductions or withholdings, payable to "Lee Litigation Group, PLLC"., and (ii) a check in the amount of $537.77, subject to tax withholdings, payable to "Ricardo Isidro".

(g) On or before December 15, 2018, Company shall deliver to Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor, New York, NY 10016, (i) a check in the amount of $295.55, without any deductions or withholdings, payable to "Lee Litigation Group, PLLC"., and (ii) a check in the amount of $537.77, subject to tax withholdings, payable to "Ricardo Isidro".

(h) On or before January 15, 2019, Company shall deliver to Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor, New York, NY 10016, (i) a check in the amount of $295.55, without any deductions or withholdings, payable to "Lee Litigation Group, PLLC"., and (ii) a check in the amount of $537.77, subject to tax withholdings, payable to "Ricardo Isidro".

(i) On or before February 15, 2019, Company shall deliver to Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor, New York, NY 10016, (i) a check in the amount of $295.55, without any deductions or withholdings, payable to "Lee Litigation Group, PLLC"., and (ii) a check in the amount of $537.77, subject to tax withholdings, payable to "Ricardo Isidro".

(j) On or before March 15, 2019, Company shall deliver to Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor, New York, NY 10016, (i) a check in the amount of $295.55, without any deductions or withholdings, payable to "Lee Litigation Group, PLLC"., and (ii) a check in the amount of $537.77, subject to tax withholdings, payable to "Ricardo Isidro".

(k) On or before April 15, 2019, Company shall deliver to Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor, New York, NY 10016, (i) a check in the amount of $295.55, without any deductions or withholdings, payable to "Lee Litigation Group, PLLC"., and (ii) a check in the amount of $537.77, subject to tax withholdings, payable to "Ricardo Isidro".

(l) On or before May 15, 2019, Company shall deliver to Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor, New York, NY 10016, (i) a check in the amount of $295.55, without any deductions or withholdings, payable to "Lee Litigation Group, PLLC"., and (ii) a check in the amount of $537.77, subject to tax withholdings, payable to "Ricardo Isidro".

(m) On or before June 15, 2019, Company shall deliver to Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor, New York, NY 10016, (i) a check in the amount of $295.55, without any deductions or withholdings, payable to "Lee Litigation Group, PLLC"., and (ii) a check in the amount of $537.77, subject to tax withholdings, payable to "Ricardo Isidro".

(n) On or before July 15, 2019, Company shall deliver to Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor, New York, NY 10016, (i) a check in the amount of $295.55, without any deductions or withholdings, payable to "Lee Litigation Group, PLLC"., and (ii) a check in the amount of $537.77, subject to tax withholdings, payable to "Ricardo Isidro".

(o) On or before August 15, 2019, Company shall deliver to Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor, New York, NY 10016, (i) a check in the amount of $295.55, without any deductions or withholdings, payable to "Lee Litigation Group, PLLC"., and (ii) a check in the amount of $537.77, subject to tax withholdings, payable to "Ricardo Isidro".

(p) On or before September 15, 2019, Company shall deliver to Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor, New York, NY 10016, (i) a check in the amount of $295.64, without any deductions or withholdings, payable to "Lee Litigation Group, PLLC"., and (ii) a check in the amount of $537.88, subject to tax withholdings, payable to "Ricardo Isidro".

To the extent the Action is not yet dismissed by the Court upon the receipt of any payment, Plaintiff's counsel shall retain such amounts in escrow, to be released upon dismissal of the Action. If a payment is not timely made, Plaintiff's counsel will send a Default Notice to Defendants' counsel on record, Lipsky Lowe LLP, 630 3rd Ave., 5th Floor, New York, NY

10017, with attention to Douglas Brian Lipsky (doug@lipskylowe.com) and Christopher Howard Lee (chris@lipskylowe.com) via email informing them of the default. Upon receipt of the Default Notice, Defendants shall have a 14-day grace period to cure the default. Plaintiff shall only be required to provide two default noticies, whereupon thereafter, any late payment by Defendants shall be on automatic default. If Defendants do not cure the default within ten (10) business days, the full balance of the Settlement Agreement shall be due and payable immediately and Defendants shall also be penalized nine percent (9%) of the total settlement amount for each missed payment, compunded monthly, and accruing from the date of the default. Defendants shall issue Plaintiff's settlement check as back wages, deducting appropriate taxes, and issuing Plaintiff a W-2.

Of the Settlement Payment, Lee Litigation Group, PLLC will allocate $11,400 to Claimant and retain $6,100 as attorneys' fees and costs. Defendants will start to issue Plaintiff Ricardo Isidro's payment based the schedule above upon receipt of Plaintiff Ricardo Isidro's completed IRS forms W-4 and W-9.

   Concurrent with the executing this Agreement, each of Ala Turk Inc. and Huseyin Secer shall execute a Confession of Judgment in the sum of $35,000.00, less any payments already made, plus any fees and costs incurred in entering and enforcing the judgment, the forms of which are appended hereto as **Exhibits A - B,** which shall be given to Plaintiff's counsel to be held in escrow to secure the payment obligations of the Defendants hereunder. The Confessions of Judgment shall not be filed unless and until Defendants default in payment. Once the Company has made full payment in accordance with the terms of this Agreement, the confessions of judgment shall be null and void and Plaintiff's Counsel shall destory the Confessions of Judgment and confirm this was done via email to Defendants' Counsel. In the Event of Default under the Settlement Agreement, Plaintiff shall be entitled to enter a money judgment against Defendants based on the Affidavits of Confession of Judgment.

   Plantiff acknowledges that he has not relied on any oral or other representations made by the Defendants, or their counsel, regarding the tax treatment or consequences of any payments made under this Agreement. If, for any reason, it is determined by any federal, state or local taxing authority that any portion of the payments made under this Agreement that were not subject to taxation or withholding, should have been subject to taxation or withholding, Plaintiff agrees he shall assume all responsibility for the payment of any taxes, interest, penalties, fines and other liabilities or costs that may be assessed against the Defendants.

   If the Defendants incur any Additional Tax Costs before all payments due under this Agreement have been made, the Defendants shall, upon providing written proof to Plaintiff's counsel of such Additional Tax Costs, be entitled to deduct from payments still due under this Agreement, an amount equal to the Additional Tax Costs incurred. If Defendants incur any Additional Tax Costs after all payments due under this Agreement have been made, within twenty (20) days after Plaintiff's counsel is provided with written notice that the Defendants have incurred the Additional Tax Costs, Plaintiff shall become obligated to, and agrees to pay the Defendants, an amount equal to such Additional Tax Costs.

   For and in consideration of the payment provided for in this Section 2, subject to the terms and provisions of this Settlement Agreement, Claimant fully, finally, irrevocably and forever releases and discharges Company from all wage and hour claims under the FLSA and NYLL, which Claimant has or may have against Company as of the date of this Agreement.

   3. <u>Limited Release</u>. For and in consideration of the payments provided for in Section 2, subject to the terms and provisions of this Settlement Agreement, hereby release and forever discharge the Defendants from every claim litigated in the Action: any and all claims against Defendants for unpaid overtime, unpaid minimuim wages, and unpaid wages under the Fair Labor Standards Act that arose during his employment with Defendants from the beginning of the statute of limitations period to the date he signs this Agreement; any and all claims against Defendants for unpaid overtime, unpaid minimum wage, unpaid spread-of-hours, unpaid wages under the New York Labor Law that arose during his employment with Defendants from the beginning of the statute of limitations period to the date he signs this Agreement; and claims for Defendants failing to provide him during his employment the Notice and Acknowledgment of Pay Rate and Payday under New York Labor Law § 195.1. The released claims, under this paragraph, include all types of relief available for the above-referenced theories of relief, including any claims for unpaid wages, unpaid overtime, damages, restitution, losses, penalties, fines, liens, attorneys' fees, costs, expenses, debts, interest, injunctive or declaratory relief, chargebacks, liquidated damages or similar relief ("Released Claims").

   4. <u>Cooperation</u>.  Claimant and Company mutually agree that they will not disparage each other and will say or do nothing to bring discredit upon the other. This paragraph, though, shall not be interpreted to prevent either party from making truthful statements concerning the claims and defenses asserted in this action.

   5. <u>Jurisdiction</u>. The Settling Parties consent that the federal district court where the Action was originally filed will retain jurisdiction over any question or dispute arising out of or pursuant to this Settlement Agreement.

   6. <u>Headings</u>. The Settling Parties understand and agree that the headings in this Settlement Agreement are for their convenience only, and have no legal significance.

   7. <u>No Pending Claims or Charges</u>. Plaintiff represents and warrants that, besides the Action, he has no claim, charge or complaint against Defendants arising out of or relating to his employment with Defendants or his separation therefrom before any federal, state or local court or agency.

   8. <u>Non-Disparagement.</u>  Plaintiff and Huseyin Secer agree that they shall not say or do anything, directly or indirectly, orally or in writing, that may criticize, disparage or reflect adversely on, or encourage any adverse action against eachother. Notwithstanding this, the Parties are permitted to make truthful statements to third-parties, including governmental agencies, about their experience litigating the Action. This includes being

permitted to cooperate with any governmental investigation and provide testimony in support of any investigation or case, and telling non-governmental entities about what claims he asserted, the underlying allegations, what transpired during the Action and the result of the Action.

       9.     Court approval. If the Court does not approve this Agreement, this Agreement shall be null and void and the Parties will return to the status quo prior to entering into this Agreement with respect to the Action, as if the Parties had never entered into this Agreement and any amounts paid shall be returned. In addition, in such event, the Agreement and all negotiations shall be without prejudice to the rights of any and all Parties to this Agreement, and any evidence relating to the Agreement and all negotiations shall not be admissible or discoverable in the Action or otherwise. Notwithstanding the foregoing, if the Court does not approve it, the Parties agree to work in good faith to revise the Agreement and re-submit it for the Court's approval, and will continue to do so until reaching an impasse or the Court approves it.

       Except for seeking its approval or in a proceeding to enforce any of its terms, the Agreement will be inadmissible in any proceeding for any reason or purpose.

       10.    Severability. The provisions of this Agreement are severable, and if any part of it is found to be unlawful or unenforceable, the other provisions of this Agreement shall remain fully valid and enforceable to the maximum extent consistent with applicable law, except that if Paragraph 3 is invalidated, this Agreement shall be null and void.

       11.    Knowing and Voluntary Agreement. Plaintiff represents and agrees that he has read this Agreement, understand its terms and the fact that it releases the claims set forth in Paragraph 3, and enters into this Agreement without duress or coercion from any source. The Parties represent that they have been represented, or have had the opportunity to be represented, by independent legal counsel of their own choice, throughout all of the negotiations that preceded the execution of this Agreement and that they have executed this Agreement with the consent and upon the advice of such counsel, or that they have had the opportunity to seek such consent and advice.

       12.    Choice of Law. This Agreement is governed in all respects by the laws of New York, without reference to New York's provisions for choice of law or conflict of law.

       13.    Enforcement of Agreement. The parties agree that the U.S. District Court for the Southern District of New York has jurisdiction over any dispute under this Agreement.

       14.    Binding Effect. This Agreement is binding upon, and shall inure to the benefit of, the parties and their respective heirs, executors, personal representatives, administrators, successors and assigns.

       15.    This Agreement sets forth the entire understanding between the Parties and supersedes and replaces any prior agreements or understandings, express or implied, between them. Plaintiff acknowledges that in executing this Agreement, he does not rely upon any

oral representation or statement by any representative of Defendants concerning the subject matter of this Agreement. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be made enforceable, such provision, excluding the release set out in Paragraph 3, shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

[Rest of Page Left Intentionally Blank]

IN WITNESS THEREOF, the Settling Parties hereto evidence their agreement by their signature below.

Plaintiff certifies as follows: I have read this agreement or it has been translated for me and I understand completely its contents. *He leído este acuerdo o ha sido traducido para mí y entiendo completamente su contenido.*

_____
**Ricardo Isidro**

**Ala Turk Inc.**

By: _____
Name: Huseyin Secer
Title: President

_____
**Huseyin Secer**

IN WITNESS THEREOF, the Settling Parties hereto evidence their agreement by their signature below.

Plaintiff certifies as follows: I have read this agreement or it has been translated for me and I understand completely its contents. *He leído este acuerdo o ha sido traducido para mí y entiendo completamente su contenido.*

_____
**Ricardo Isidro**


**Ala Turk Inc.**

By: _____
    Name:
    Title:


_____
**Huseyin Secer**