```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/29/2018
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
:
RICARDO ISIDRO, *on behalf of himself and* :
*FLSA Collective Plaintiffs*, :
:
                              Plaintiff, : **ORDER**
:
               -v- : 17-CV-5943 (JLC)
:
ALA TURK INC., *et ano.*, :
:
                           Defendants. :
---------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

      The parties in this wage-and-hour case have consented to my jurisdiction under 28 U.S.C. § 636(c) for purposes of reviewing their proposed settlement (Dkt. No. 29) and have now submitted a letter in support of settlement (Dkt. No. 30) along with their proposed settlement agreement (Dkt. No. 31) for my approval under *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015). Courts generally recognize a "strong presumption in favor of finding a settlement fair" in cases like this one brought under the Fair Labor Standards Act ("FLSA"), as they are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted). Moreover, plaintiff in this case has expressed serious concerns about collectability and have agreed to a payment schedule, which "militates in favor of finding a settlement reasonable." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013). *See also Hart v. RCI Hosp. Holdings, Inc.*, No. 09-CV-3043 (PAE), 2015 WL 5577713, at *10 (S.D.N.Y. Sept. 22, 2015) (significant "risk that plaintiffs would not be able to collect, or fully collect, on a judgment" supported approval of settlement agreement,

which "[g]uaranteed recovery from the other two defendants in the event that [one] prove[d] unable to pay the entire settlement amount").

Having carefully reviewed the letter in support of settlement as well as the proposed settlement agreement, and having participated in a lengthy conference that led to the settlement, the Court finds that all of the terms of the proposed settlement (including the allocation of attorneys' fees and costs) appear to be fair and reasonable under the totality of the circumstances (and in light of the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Accordingly, the settlement is hereby approved, and this case is dismissed with prejudice. Under paragraph five of the settlement agreement, the Court will retain jurisdiction over any question or dispute arising out of or pursuant to the settlement agreement.

The Clerk is respectfully directed to close this case.

**SO ORDERED.**

Dated: New York, New York
May 29, 2018

_____
JAMES L. COTT
United States Magistrate Judge